## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

TWIN CITY BAGEL, INC.,                    Case No. 11-36042
dba NATIONAL CHOICE BAKERY,               Chapter 11

               Debtor.

In re:

LEV BAKERY, INC.,                         Case No. 11-36044
                                          Chapter 11
               Debtor.

### NOTICE OF HEARING AND MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF; (II) AUTHORIZING DEBTORS' TO USE CASH COLLATERAL ON AN INTERIM AND FINAL BASIS; AND (III) GRANTING ADEQUATE PROTECTION

TO:    The entities specified in Local Rule 9013-3

1.    Twin Cities Bagel, Inc. dba National Choice Bakery ("TCB") and Lev Bakery, Inc. ("Lev", and together with TCB, the "Debtors"), through their undersigned attorneys, moves the court (the "Motion") for the relief requested below and gives notice of hearing.

### PRELIMINARY HEARING

2.    The court will hold a preliminary hearing on this Motion at **9:30 a.m. on September 29, 2011**, before the Honorable Dennis D. O'Brien, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101 (the "Preliminary Hearing").

3.    Any response to this Motion as to issues to be considered at the Preliminary Hearing must be filed and delivered prior to the hearing.  **Unless a response opposing the Motion is timely filed, the Court may grant the preliminary relief requested in the Motion without a hearing.**

{00039325 }

## FINAL HEARING

4.      The court will hold a final hearing on this Motion at **9:30 a.m. on October 19, 2011**, before the Honorable Dennis D. O'Brien, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101 (the "Final Hearing").

5.      Any response to this Motion must be filed and delivered not later than **October 14, 2011**, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **Unless a response opposing the Motion is timely filed, the Court may grant the relief requested in the Motion without a hearing.**

6.      This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing each case was filed on September 27, 2011 (the "Petition Date").  The cases are now pending before this Court.

7.      This motion arises under §§ 363 of Title 11 of the United States Code (the "Bankruptcy Code"), and Fed.R. Bankr.P. 4001 and 9014.

## SUMMARY OF RELIEF SOUGHT

8.      Debtors request orders authorizing interim and final approval of the use of cash collateral so that Debtors may meet the ordinary expenses of operating the Debtors' business, as estimated in the cash flow projections to be filed as **Exhibit A** (the "Budget"). The Debtors also seek to grant replacement liens as adequate protection to the lender with liens in the cash collateral and the parties served with this motion.

## FACTUAL BACKGROUND

9.      Debtors are Minnesota corporations engaged in the business of the manufacture and nationwide distribution of bagels and related products, with TCB's principal assets located in Mendota Heights, Minnesota and those of Lev located in Pageland, South Carolina.  Debtors are

owned and operated by Michel Rouache and Shimon Harosh, who started the business more than 10 years ago.  Debtors have 275 employees and total annual sales of approximately $30 million.

10.     The Debtor has been historically profitable.   However, a combination of an expansion of the business in South Carolina and the recession caused covenant defaults under the Debtors' loan documents with its principal lender, Associated Bank ("Associated").   After a series of negotiations and forbearance agreements, earlier in September Associated demanded payment in full and refused to advance on the Debtors' line of credit.  In addition, Associated set off approximately $204,000 from the account of an affiliate of the Debtors which had guaranteed the obligations of the Debtors to the lender.  The Debtors had not been in payment default under their loan documents with Associated prior to these events.  However, the action by Associated described above prompted the filing of these cases.

### LIENS IN CASH COLLATERAL[1]

11.     Associated appears to have a lien in cash collateral by virtue of a security agreement dated February 27, 2008 and financing statements filed with the Minnesota Secretary of State on February 27, 2008 as to Lev and October 14, 2002 as to TCB. Associated claims that approximately $8.6 million is owed to it by the Debtors.

12.     As of the date hereof, the Debtor's cash assets (cash and accounts) are valued by the Debtor at $2,388,345. See attached **Exhibit B**.  Debtor expects that the value of the cash assets will increase between the date hereof and the end of the period for which Debtor seeks authority to use cash collateral.  As of October 19, 2011, the Debtors project that value to be $2,443,920.  See **Exhibit B**.

---

[1] The lien information provided here assumes that the liens of record are enforceable against the Debtor. The Debtor reserves its right to investigate the validity and enforceability of these and other liens.

## **RELIEF REQUESTED**

13.     Debtors seek interim use of cash collateral in an amount up to $1,531,379 through October 19, 2011.  See **Exhibit B** attached hereto for details.  Debtors seek final approval of use of cash collateral through December 30, 2011 per the Budget to be filed. Debtors propose to fund their operations during this case and its reorganization through use of cash collateral.

14.     Debtors propose to adequately protect the interests of Associated by granting replacement liens on inventory and accounts purchased or generated after the petition date. Debtors believe that a replacement lien will adequately protect the interests of Associated in the short term.  Prior to the final hearing the Debtors will make a final offer of adequate protection based on the Budget and available cash flow.

15.     Debtor believes that Associated will not be prejudiced by the use of cash collateral. On the contrary, Debtor believes the lender will be benefited by continued operations and replacement liens. See valuation analysis attached as **Exhibit B** hereto.

16.     Pending the final hearing, Debtor has a need to use cash collateral through October 19, 2011 to pay operating expenses in the amounts identified in **Exhibit B**.  If Debtor is not permitted to use cash collateral on an interim basis for the purposes set forth pending a final hearing, Debtor's will suffer immediate and irreparable harm.

17.     In addition, Associated is in possession of some of the Debtors' cash collateral which was in a lock box on the petition date.  The Debtors request that that cash collateral be turned over to the Debtors for deposit into the Debtors' DIP account.[2]

---

[2]   It appears that Associated swept $150,555.18 from the Debtors' account after the filing of the petitions commencing these cases.  The Debtors include this improperly swept cash in its request.  Associated has advised the Debtors that it is reviewing the situation and will likely turn over the funds before the preliminary hearing.

## ESTIMATED COLLATERAL VALUE

18.     Debtors' estimates of the value of Lenders' collateral on the petition date, on the date of the final hearing on use of cash collateral and at the end of the proposed period of use of cash collateral as set forth on **Exhibit A** (to be filed). The Debtors believe that the estimates will show that the valuation of the Debtor's assets will remain stable or will increase during the proposed period of use of cash collateral.

19.     Debtors' most recent balance sheets are attached hereto as **Exhibit C**.

## WITNESSES

20.     Debtor reserves the right, if necessary, to offer the testimony of Michel Rouache and Shimon Harosh, the executive officers of the Debtors, in support of the Motion.

**WHEREFORE,** Debtors respectfully request this Court to enter an interim order followed by a final order (a) granting expedited relief; (b) authorizing use of cash collateral from the Petition Date through the date of the Final Hearing in an amount not to exceed $1,531,379; (c) authorizing Debtors to grant the adequate protection as set forth in the Motion; and (d) granting Debtors such other legal and equitable relief to which they are entitled.

Dated:  September 28, 2011          RAVICH MEYER KIRKMAN
                                    McGRATH NAUMAN & TANSEY,
                                    A PROFESSIONAL ASSOCIATION

                                    By      /e/  Michael L. Meyer (72527)

                                    4545 IDS Center
                                    80 South Eighth Street
                                    Minneapolis, MN 55402
                                    (612) 332-8511

                                    ATTORNEYS FOR DEBTOR

# VERIFICATION

I, Shimon Harosh, one of the executive officers of the Debtors, declare under penalty of perjury that the facts set forth in the foregoing Notice of Hearing and Motion for Order (I) Granting Expedited Relief; (II) Authorizing Debtors' to Use Cash Collateral on an Interim and Final Basis; and (III) Granting Adequate Protection, are true and correct according to the best of my knowledge, information and belief.

Executed on: September 28, 2011

_____
Shimon Harosh

# EXHIBIT A

## <u>BUDGET</u>

**To be filed.**

**Twin City Bagel, Inc./Lev Bakery, Inc.**
**Projected Cash Deposits/Requirements**
**For the Period: 9/27/11 to 10/19/11**

| Beginning Cash: | | | | | |
|---|---|---|---|---|---|
| Investment Acct. | $51,700.00 | | | | |
| Collateral Account | $130,848.88 | | | | |
| Bank Deposits 9/27 | $113,126.05 | | | | |
| Bank Deposits 9/28 | $52,547.31 | | | | |
| Undeposited Check | $58,467.69 | | | | |
| | $406,689.93 | | | | |

| Expected Deposits: | | 9/30/2011 | 10/7/2011 | 10/19/2011 | |
|---|---|---|---|---|---|
| Country Creek | | $0.00 | $13,001.30 | $9,896.00 | |
| Pepperidge Farm | | $0.00 | $75,234.67 | $70,316.52 | |
| Kroger | | $13,264.30 | $137,717.44 | $125,436.08 | |
| Wonder | | $14,412.17 | $9,473.25 | $8,422.41 | |
| Bimbo - TCB | | $124,745.90 | $195,447.67 | $177,405.97 | |
| C&S Wholesalers | | $0.00 | $18,655.50 | $52,597.00 | |
| Nash Finch | | $0.00 | $7,592.51 | $14,184.48 | |
| Pan O Gold | | $1,576.07 | $11,547.36 | $11,139.85 | |
| Pepperidge Farm | | $0.00 | $80,924.84 | $77,867.03 | |
| Pinnacle-Thins | | $0.00 | $30,635.08 | $0.00 | |
| Snyder | | $0.00 | $1,562.68 | $747.22 | |
| Wonder | | $12,385.09 | $11,671.75 | $11,991.53 | |
| SuperValu | | $0.00 | $1,640.91 | $2,191.67 | |
| Target | | $0.00 | $74,838.30 | $94,501.90 | |
| | | $166,383.53 | $669,943.26 | $656,697.66 | $1,899,714.38 |

| Projected Payments | | 9/30/2011 | 10/7/2011 | 10/19/2011 | |
|---|---|---|---|---|---|
| Flour - MN | | $98,328.00 | $98,328.00 | $154,328.00 | |
| Ingredients - MN | | $63,200.00 | $72,500.00 | $93,200.00 | |
| Packaging - MN | | $20,000.00 | $20,000.00 | $20,000.00 | |
| Delivery - MN | | $15,000.00 | $15,000.00 | $25,000.00 | |
| Flour - SC | | $0.00 | $60,000.00 | $60,000.00 | |
| Ingredients - SC | | $0.00 | $25,000.00 | $25,000.00 | |
| Packaging - SC | | $10,000.00 | $10,000.00 | $10,000.00 | |
| Delivery - SC | | $18,000.00 | $18,000.00 | $28,000.00 | |
| Payroll - Combined | | $0.00 | $230,000.00 | $0.00 | |
| Payroll Taxes - Combined | | $62,000.00 | $62,000.00 | $0.00 | |
| Utilities - Gas (MN) | | $0.00 | $0.00 | $15,500.00 | |
| Utilities - Gas (SC) | | $0.00 | $12,000.00 | $0.00 | |
| Utilities - Electric (MN) | | $0.00 | $25,000.00 | $0.00 | |
| Utilities - Electric (SC) | | $0.00 | $19,000.00 | $0.00 | |
| Water - MN | | $0.00 | $10,000.00 | $0.00 | |
| Water - SC | | $0.00 | $3,000.00 | $0.00 | |
| Maintenance - Combined | | $15,000.00 | $15,000.00 | $15,000.00 | |
| Insurance - Combined | | $28,479.00 | $8,016.00 | $0.00 | |
| Child Support - Combined | | $2,500.00 | $0.00 | $0.00 | |
| Other - Chapter 11 | | $0.00 | $0.00 | $0.00 | |
| Property Taxes - MN | | $0.00 | $0.00 | $50,000.00 | |
| | | $332,507.00 | $702,844.00 | $496,028.00 | $1,531,379.00 |

| Excess Cash (Cumulative) | | $240,566.46 | $207,665.72 | $368,335.38 | $368,335.38 |
|---|---|---|---|---|---|

**Approximate A/R & Inventory**

| | TCB | Lev | Combined |
|---|---|---|---|
| Accounts Receivable: 10/19/ | $1,265,495.00 | $810,090.00 | $2,075,585.00 |

| Inventory: 10/19/11 | TCB | Lev | Combined |
|---|---|---|---|
| Raw Material | $309,613.00 | $465,000.00 | $774,613.00 |
| Packaging | $236,467.00 | $122,044.00 | $358,511.00 |
| Finished Goods | $131,551.00 | $61,625.00 | $193,176.00 |
| | | | $1,326,300.00 |

| | TCB | Lev | Combined |
|---|---|---|---|
| Accounts Receivable: 9/27/1 | $1,301,079.06 | $680,577.01 | $1,981,656.07 |

| Inventory: 9/27/11 | TCB | Lev | Combined |
|---|---|---|---|
| Raw Material | $379,478.79 | $675,527.70 | $1,055,006.49 |
| Packaging | $218,096.88 | $140,708.00 | $358,804.88 |
| Finished Goods | $138,524.33 | $49,330.00 | $187,854.33 |
| | | | $1,601,665.70 |

| | | | Minnesota | South Carolina | Combined |
|---|---|---|---|---|---|
| **Twin City Bagel, Inc./Lev Bakery, Inc.** | | | | | |
| **Combined Balance Sheet** | | | | | |
| **August 31, 2011** | | | | | |
| | | | | | |
| | | | **Minnesota** | **South Carolina** | **Combined** |
| **Assets:** | | | | | |
| **Current Assets** | | | | | |
| Cash - Associated | | | ($327,908.15) | ($97,472.18) | ($425,380.33) |
| Cash - Money Market | | | $0.00 | $0.00 | $0.00 |
| Accounts Receivable | | | $1,265,494.50 | $891,044.91 | $2,156,539.41 |
| Investments | | | $75,678.72 | $0.00 | $75,678.72 |
| Due from Lev Bakery | | | $3,601,716.61 | $0.00 | $3,601,716.61 |
| Due from H&R II | | | $319,656.98 | $62,154.85 | $381,811.83 |
| Finished Goods - Bagels | | | $226,199.19 | $73,578.22 | $299,777.41 |
| Ingredients - Bagels | | | $309,613.33 | $538,091.65 | $847,704.98 |
| Ingredients - Pancake | | | $0.00 | $23,191.44 | $23,191.44 |
| Packaging - Bagels | | | $236,466.91 | $122,044.00 | $358,510.91 |
| Packaging - CCF | | | $0.00 | $32,393.37 | $32,393.37 |
| Packaging - Pancake | | | $0.00 | $101,449.42 | $101,449.42 |
| Packaging - Sandwich Slims | | | $0.00 | $19,869.15 | $19,869.15 |
| Allowance for Osolete Inventory | | | $0.00 | ($35,736.77) | ($35,736.77) |
| Employee Advance | | | $0.00 | $750.00 | $750.00 |
| Accrued Inventory | | | $76,651.06 | $26,532.58 | $103,183.64 |
| Prepaid Expense | | | $72,762.00 | $24,485.64 | $97,247.64 |
| | | | | | |
| **Total Current Assets** | | | $5,856,331.15 | $1,782,376.28 | $7,638,707.43 |
| | | | | | |
| **Fixed Assets** | | | | | |
| Equipment | | | $8,902,126.38 | $7,166,637.84 | $16,068,764.22 |
| Furniture & Fixtures | | | $94,899.61 | $6,118.30 | $101,017.91 |
| Computer Software | | | $3,795.00 | $0.00 | $3,795.00 |
| Leasehold Improvements | | | $30,227.72 | $0.00 | $30,227.72 |
| Vehicles | | | $142,077.90 | $24,500.00 | $166,577.90 |
| Less: Accumulated Depreciation | | | ($7,081,831.88) | ($3,417,128.84) | ($10,498,960.72) |
| | | | | | |
| **Net Fixed Assets** | | | $2,091,294.73 | $3,780,127.30 | $5,871,422.03 |
| | | | | | |
| **Other Assets** | | | | | |
| Equipment Deposits | | | $155,305.48 | $35,592.76 | $190,898.24 |
| Loan Fees - Net of Amortization | | | $0.00 | $53,485.52 | $53,485.52 |
| | | | | | |
| **Total Other Assets** | | | $155,305.48 | $89,078.28 | $244,383.76 |
| | | | | | |
| **Total Assets** | | | $8,102,931.36 | $5,651,581.86 | $13,754,513.22 |
| | | | | | |
| **Liabilities and Equity** | | | | | |
| **Current Liabilities** | | | | | |
| Accounts Payable | | | $1,155,024.45 | $663,683.46 | $1,818,707.91 |
| Accrued Accounts Payable | | | $76,651.06 | $26,532.58 | $103,183.64 |
| Contingent Liability-Catawba | | | $0.00 | $15,000.00 | $15,000.00 |
| Note Payable - Keystone | | | $0.00 | $9,606.02 | $9,606.02 |
| Note Payable - Associated Bank | | | $816,299.01 | $2,424,858.58 | $3,241,157.59 |

| | | | | |
|---|---|---|---|---|
| Note Payable - SBA | | $0.00 | $1,190,900.70 | $1,190,900.70 |
| Note Payable - Pee Dee | | $0.00 | $202,868.74 | $202,868.74 |
| Note Payable - SBA 504 | | $466,381.50 | $0.00 | $466,381.50 |
| Advance - Simplot | | $0.00 | $500,000.00 | $500,000.00 |
| Credit Card - Associated Bank | | $148.91 | $0.00 | $148.91 |
| Due to Twin City Bagel | | $0.00 | $3,601,716.61 | $3,601,716.61 |
| Due to H&R Realty | | $474,526.00 | $511,035.29 | $985,561.29 |
| Advance - Pinnacle | | $201,841.90 | $0.00 | $201,841.90 |
| Accrued Salaries | | $143,457.46 | $84,606.59 | $228,064.05 |
| Credit Line | | $888,110.72 | $0.00 | $888,110.72 |
| Accrued Interest | | $36,547.00 | $11,679.00 | $48,226.00 |
| Current Portion of LT Debt | | $0.00 | $0.00 | $0.00 |
| Current Portion - Leases | | $0.00 | $0.00 | $0.00 |
| Loan - Michel Rouache | | $12,271.63 | $21,250.00 | $33,521.63 |
| Loan - Shimon Harosh | | $150,834.45 | $21,250.00 | $172,084.45 |
| Child Support Payable | | $0.00 | $0.00 | $0.00 |
| Employee 401(K) Contributions | | $501.40 | $0.00 | $501.40 |
| FICA Payable | | $0.00 | $0.00 | $0.00 |
| Federal Withholding Payable | | $0.00 | $0.00 | $0.00 |
| State Withholding Payable | | $0.00 | $0.00 | $0.00 |
| Federal Unemployment Payable | | $4,692.51 | $5,756.00 | $10,448.51 |
| State Unemployment Payable | | $2,832.96 | $3,220.64 | $6,053.60 |
| | | | | |
| *Total Current Liabilities* | | $4,430,120.96 | $9,293,964.21 | $13,724,085.17 |
| | | | | |
| *Long Term Liabilities* | | | | |
| Note Payable - Associated Bank | | $0.00 | $0.00 | $0.00 |
| Note Payable - SBA | | $0.00 | $0.00 | $0.00 |
| Note Payable - Pee Dee | | $0.00 | $0.00 | $0.00 |
| Note Payable - SBA 504 | | $0.00 | $0.00 | $0.00 |
| Less: Current Portion of LT Debt | | $0.00 | $0.00 | $0.00 |
| Less: Current Portion of Leases | | $0.00 | $0.00 | $0.00 |
| | | | | |
| *Total Long Term Liabilities* | | $0.00 | $0.00 | $0.00 |
| | | | | |
| *Total Liabilities* | | $4,430,120.96 | $9,293,964.21 | $13,724,085.17 |
| | | | | |
| *Equity* | | | | |
| Capital Stock | | $40,000.00 | $0.00 | $40,000.00 |
| Additional Paid in Capital | | $171,554.00 | $0.00 | $171,554.00 |
| Sub S Distributions - Shimon | | ($1,304,448.46) | $0.00 | ($1,304,448.46) |
| Sub S Distributions - Michel | | ($1,304,448.46) | $0.00 | ($1,304,448.46) |
| Current Year (Income/Loss) | | $204,225.10 | ($321,442.62) | ($117,217.52) |
| Retained Earnings | | $5,865,928.22 | ($3,320,939.73) | $2,544,988.49 |
| | | | | |
| *Total Equity* | | $3,672,810.40 | ($3,642,382.35) | $30,428.05 |
| | | | | |
| *Total Liabilities and Equity* | | $8,102,931.36 | $5,651,581.86 | $13,754,513.22 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

TWIN CITY BAGEL, INC.,                                    Case No. 11-36042
dba NATIONAL CHOICE BAKERY,                               Chapter 11

             Debtor.

In re:

LEV BAKERY, INC.,                                         Case No. 11-36044
                                                          Chapter 11
             Debtor.

## MEMORANDUM OF LAW

The Debtors, through their undersigned counsel, submits this Memorandum of Law in support of their Motion for Order (I) Granting Expedited Relief; (II) Authorizing Debtors' to Use Cash Collateral on an Interim and Final Basis; and (III) Granting Adequate Protection ("Motion").  The preliminary hearing on the Motion has been scheduled for **September 29, 2011** and the final hearing is scheduled for **October 19, 2011**.

## FACTS

The factual basis for this Memorandum is set forth in the verified Motion and is incorporated as though fully set forth herein.  All capitalized terms not defined herein have the meaning ascribed in the Motion.

## LEGAL ARGUMENT

1.    <u>Use of Cash Collateral.</u>

11 U.S.C. §363(c)(2) provides that a debtor may use cash collateral only with the consent of each entity that has an interest in such cash collateral, or if the court, after notice and a hearing, authorizes such use.  Use of cash collateral must be restricted or conditioned as is necessary to provide adequate protection to any entity that has an interest in the property which

{00039620 }

the Debtor proposes to use.  11 U.S.C. §363(e).  In this case, Debtor requests approval of its use

of cash collateral through December 30, 2011, to the extent necessary to operate its business in

the ordinary course according to the Budget attached to the Motion.  As adequate protection,

Debtor proposes to grant replacement liens and maintenance of collateral and insurance to

secured parties as set forth in the proposed Order.  A final offer of adequate protection will be

made before the final hearing.

In this connection, the Eighth Circuit Court of Appeals has stated:

> In any given case, the bankruptcy court must necessarily (i)
> establish the value of the secured creditor's interest, (ii)
> identify the risk to the secured creditor's value resulting
> from the debtor's request for use of cash collateral, and (iii)
> determine whether the debtor's adequate protection
> proposal protects value as nearly as possible against risks to
> that value consistent with the concept of indubitable
> equivalence.

*In re Martin*, 761 F.2d 472, 476-77 (8th Cir. 1985).  The adequate protection offered by Debtor

satisfies the requirements imposed by the Bankruptcy Code and stated by the Eighth Circuit, and

does not prejudice the rights of other creditors.

## CONCLUSION

For reasons set forth in the Motion and this Memorandum, Debtors respectfully request

that the Motion be granted.


Dated:  September 28, 2011                 RAVICH MEYER KIRKMAN McGRATH
                                           NAUMAN & TANSEY,
                                           A PROFESSIONAL ASSOCIATION

                                           By      /e/  Michael L. Meyer (72527)

                                           4545 IDS Center
                                           80 South Eighth Street
                                           Minneapolis, MN 55402
                                           (612) 332-8511

                                           ATTORNEYS FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

TWIN CITY BAGEL, INC.,                      Case No. 11-36042
dba NATIONAL CHOICE BAKERY,         Chapter 11

                Debtor.

---

## UNSWORN CERTIFICATE OF SERVICE

---

I, Michael L. Meyer, declare under penalty of perjury that on September 28, 2011, copies of Debtor's:

1. Notice of Hearing and Motion for Order (I) Granting Expedited Relief; (II) Authorizing Debtors' to Use Cash Collateral on an Interim and Final Basis; and (III) Granting Adequate Protection;
2. Memorandum of Law; and
3. Proposed Order Authorizing Interim Use of Cash Collateral;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated:  September 28, 2011        By:  /e/    Michael L. Meyer (72527)

                        Ravich Meyer Kirkman McGrath
                        Nauman & Tansey, P.A.
                        4545 IDS Center
                        80 South Eighth Street
                        Minneapolis, MN 55402
                        (612) 332-8511

                        ATTORNEYS FOR DEBTOR

ELECTRONIC
UNITED STATES TRUSTEE
1015 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

MINN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY / P O 64447
ST PAUL MN 55164

INTERNAL REVENUE SERVICE
ATTN SPECIAL PROCEDURES
WELLS FARGO PL STOP 5700
30 EAST SEVENTH
ST PAUL MN 55101

IRS DISTRICT COUNSEL
650 GALTIER PLAZA
380 JACKSON STREET
ST PAUL MN 55101

US ATTORNEY
600 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

ELECTRONIC
TWIN CITY BAGEL INC
ATTN SHIMON HAROSH
130 HARDMAN AVENUE SOUTH
SOUTH ST PAUL MN 55075

ELECTRONIC
CONAGRA
ATTN TODD BANCHOR
P O BOX 93462
CHICAGO IL 60673

ELECTRONIC
NORTHERN INGREDIENTS CO
ATTN BOB SCHAFER
1260 GREY FOX ROAD
ARDEN HILLS MN 55112

ELECTRONIC
RISTOW TRUCKING
ATTN MIKE RISTOW
P O BOX 67
HAMMOND WI 54015

ELECTRONIC
CARGILL INCORPORATED
ATTN NICK WARREN
P O BOX 1450 MW 9658
MINNEAPOLIS MN 55485-9685

ELECTRONIC
TILSNER CARTON
ATTN M RAPPAPORT
162 YORK AVENUE EAST
ST PAUL MN 55117-5557

ELECTRONIC
CHP BLENDERS
ATTN A ANDERSON
P O BOX 26377
FENTON MO 63026

ELECTRONIC
CEREAL INGREDIENTS
ATTN W WILSON
4720 SOUTH 13TH STREET
LEAVENWORTH KS 66048

ELECTRONIC
LESAFFRE YEAST CORPORATION
ATTN GAIL PIEKARSKI
7475 WEST MAIN STREET
MILWAUKEE WI 53214

ELECTRONIC
BEMIS
ATTN BOB MARTIN
22657 NETWORK PLACE
CHICAGO IL 60673

XCEL ENERGY
P O BOX 9477
MINNEAPOLIS MN 55484

ELECTRONIC
ASSOCIATED BANK
C/O DANIEL C BECK
WINTHROP & WEINSTINE PA
225 SOUTH SIXTH STREET STE 3500
MINNEAPOLIS MN 55402-4629

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

TWIN CITY BAGEL, INC.,                          Case No. 11-36042
dba NATIONAL CHOICE BAKERY,                      Chapter 11

               Debtor.

In re:

LEV BAKERY, INC.,                                Case No. 11-36044
                                                 Chapter 11
               Debtor.

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

This matter came on for hearing on Debtors' Motion for Order (I) Granting Expedited Relief; (II) Authorizing Debtors' to Use Cash Collateral on an Interim and Final Basis; and (III) Granting Adequate Protection (the "Motion") filed by Twin City Bagel, Inc. and Lev Bakery, Inc. (together the "Debtors"). Appearances were noted in the record. Based on the documents on file with the Court and the record and argument at the hearing,

IT IS ORDERED:

1.      The Debtors are authorized to use up to $1,531,379 of the cash collateral subject to the liens of Associated Bank (the "Lender") for the uses set forth on Exhibit B to the Motion through October 19, 2011, provided that no expenses that arose before the commencement of the case shall be paid unless otherwise permitted by order of this Court.

2.      As adequate protection to the extent of use of Lender's cash collateral, Debtor is authorized to grant to Lender replacement liens in Debtor's post-petition cash assets, which lien shall be in the same type of property with the same priority, dignity and effect as Lender's

{00039621 }

prepetition lien (the replacement lien is deemed to have been granted, effective and perfected, without any further act by any party).

3.    The Lender shall turn over to the Debtors all cash collateral in the Lender's possession as of the petition date or which it received thereafter for deposit into the Debtors' debtor-in-possession checking account.

4.    This Order is effective immediately.


Dated:

_____

Dennis D. O'Brien
United States Bankruptcy Judge

{00039621 }